11th Court of Appeals
Eastland, Texas
Opinion
 
Cedric Williams a/k/a Cedric Dean Williams
            Appellant
Vs.                  No. 11-03-00382-CR -- Appeal from Midland County
State of Texas
            Appellee
 
            The jury convicted Cedric Williams a/k/a Cedric Dean Williams of possession of a controlled
substance, and the trial court assessed his punishment at 12 years confinement. We affirm.
            In his third point of error, appellant argues that the trial court erred in denying his motion for
a directed verdict. A challenge on appeal to the denial of a motion for directed verdict is a challenge
to the legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482 (Tex.Cr.App.1996). 
In order to determine if the evidence is legally sufficient, we must review all of the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307
(1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). 
            Officer Aaron Smith with the Midland Police Department testified that on April 29, 2003, 
he was dispatched to an apartment building concerning a domestic disturbance. When Officer Smith
arrived, another police officer was speaking with appellant. Officer Smith stated that appellant 
appeared agitated and nervous. Officer Smith performed a “pat” down on appellant, and he felt
“small rocks” in appellant’s pants pocket. Officer Smith asked appellant what was in his pocket, and
appellant pulled away from Officer Smith. Officer Smith grabbed appellant’s arm, and appellant
pulled Officer Smith into the apartment. Officer Smith let go of appellant’s arm as they entered the
apartment, and appellant ran through the apartment. Officer Smith followed appellant and testified
that he saw appellant make a throwing motion into the bedroom. Appellant then turned around and
was placed in handcuffs. Officer Smith searched appellant, and his pocket containing the “small
rocks” was empty. Upon searching the bedroom where appellant had made the throwing motion,
officers found a plastic wrapper containing crack cocaine. 
            Appellant specifically complains that the State did not prove a proper chain of evidence. 
Officer Smith testified that he took possession of the substance at the scene and maintained
possession over it until he logged it into evidence at the police station. Officer Smith testified that
he placed an evidence tag on the substance and placed it in an evidence locker. Officer Tyson
Eicholtz testified that he removed the substance from the evidence locker, logged it into the
computer, sealed the package in a plastic wrap, placed his last name on the package, and placed it
in the narcotics room that remains locked. The following day, Officer Eicholtz removed the package
from the narcotics room and took it to the Department of Public Safety lab for testing. Dennis
Hambrick, a chemist for the Department of Public Safety, testified that he received the package and
that it was sealed and secure. The package was labeled with Officer Eicholtz’s last name. We find
that the State presented sufficient evidence to properly prove the chain of custody. After reviewing
all of the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt. Appellant’s third
point of error is overruled.
            In his first point of error, appellant contends that the State made an improper jury argument. 
In his second point of error, appellant complains that the State improperly struck at appellant over the
shoulders of his attorney by making the improper jury argument. During its closing argument, the
State commented: “Counsel for the defense has beat common sense to a slow and painful death in
this case.” Appellant objected to the argument, and his objection was sustained. Appellant did not
request an instruction to disregard. Appellant was given all the relief he requested at trial. Cook v.
State, 858 S.W.2d 467, 473 (Tex.Cr.App.1993). Appellant’s first and second points of error are
overruled.
            The judgment of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE 
March 17, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.